UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK D. LEAPHART,

        Plaintiff,

v.

VERDA TURNER,

        Defendant.
_____/

CIVIL ACTION NO. 08-13584

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that this matter be deemed closed by voluntary dismissal, with prejudice, unless a timely objection to this within Report demonstrates grounds for a contrary disposition.

**II.**    **REPORT:**

    **A.**    **Procedural History**

The Complaint in this cause was filed on August 19, 2008. Plaintiff filed an application for in forma pauperis status on the same day. A week later, the district judge entered an Order of Reference to the magistrate judge for general case management. On September 26, 2008, Plaintiff submitted a Motion for Voluntary Dismissal of this case, with prejudice, as to the Defendant. Plaintiff stated in the motion that he received the transcript of his state appeal from the Defendant, which was the relief he was seeking when he filed his action.

**B.     Applicable Law and Standard of Review**

Fed.R.Civ.P. 41 provides, in pertinent part, as follows:

**(a) Voluntary Dismissal.**

**(1) By the Plaintiff.**

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

*          *          *

**C.     Analysis**

It is well established that the Plaintiff may terminate a lawsuit by a Notice of Dismisal.

> [T]he notice is effective at the moment it is filed with the clerk. It is merely a notice, and not a motion, although a notice in the form of a motion is sufficient. No order of the court is required and the district judge may not impose conditions. Since the

> notice terminates the action, there is nothing the defendant can do to fan that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by an adversary or court. The court need not give the perfunctory order of closing the file. The plaintiff suffers no impairment beyond the fee for filing the action.

Wright and Miller, Federal Practice and Procedure: Civil 3rd Section 2363.

Although a notice of dismissal is self-executing and does not require judicial approval, a court may decline to permit a voluntary dismissal when necessary to avoid short - circuiting the judicial process, or to safeguard the interests of persons entitled to the court's special protection. Green v. Nevers, 111 F.3d 1295 (6th Cir.) cert. denied, 118 S.Ct. 559 (1997) (minor claimant whose attorney did not sign stipulation).

In this action, Plaintiff Leaphart has prosecuted his case pro se. His signature on the Voluntary Dismissal evidences his assent to the dismissal of his case, with prejudice. There is no evidence in the record to suggest that he is under any form of legal disability, or that he is not fully cognizant of the significance of the Voluntary Dismissal. In the absence of such evidence, there is no basis upon which this court should preclude the dismissal. The Motion for Voluntary Dismissal is brief and straight forward, and the likelihood that Plaintiff fails to understand its consequences is slight. Nonetheless, a copy of this Report and Recommendation will be forwarded to Plaintiff If he views the Voluntary Dismissal as anything other than a final resolution of his dispute, with no recourse to the courts thereafter, the issue may be raised by way of an objection to this Report. In the absence of such objection, this matter should be deemed closed. No separate order of the court approving the Stipulation or ordering dismissal is necessary.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: October 6, 2008

___

**CERTIFICATE OF SERVICE**

I hereby certify on October 6, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 6, 2008. **Kirk Leaphart.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217